## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KERIUM ALLEN GARRICK, SR.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | **NO. 17-3601** |

## MEMORANDUM

**DAVIS, J.**                                                      **SEPTEMBER 5 , 2017**

Plaintiff Kerium Allen Garrick, Sr. brings this civil action against the City of

Philadelphia and two of its attorneys based on allegations that he was deprived of his right to a

twelve-person jury in his civil trial in state court. Plaintiff seeks leave to proceed *in forma*

*pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his

complaint.

### I.      FACTS[1]

Plaintiff initiated a civil rights lawsuit in state court challenging his arrest, detention, and

the conditions of his confinement during a prior incarceration. According to the Judge who

presided over the case in state court, a twelve-person jury was selected on Friday, July 7, 2017,

but when one juror was unavailable for trial the following Tuesday, the parties agreed to

continue with a panel of eleven jurors. The eleven-person jury returned with a verdict in favor of

the defendants.

Plaintiff alleges that the attorneys for the City and the Judge who presided over his case

erred by allowing the trial to proceed with only eleven jurors. Based on that allegation, plaintiff

initiated this lawsuit against the City and its attorneys claiming violations of his state and federal

---

[1] The following facts are taken from the complaint and documents attached to the complaint.

rights, and seeking millions of dollars in damages. Attachments to the complaint reflect that less than a month before he initiated the instant civil action, plaintiff filed a civil action in state court against the same defendants based on essentially the same subject matter.

## II.     STANDARD OF REVIEW

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the complaint if it is frivolous, malicious, or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). "[A] complaint is malicious where it is abusive of the judicial process and merely repeats pending or previously litigated claims." *Day v. Toner*, 530 F. App'x 118, 121 (3d Cir. 2013) (per curiam).

To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* The Court may also consider exhibits attached to the complaint. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). To the extent plaintiff is claiming that his loss in state court or the state court's rulings violated his rights, and asks this Court to review and reject the state court's judgment, his claims fall within the *Rooker-Feldman* doctrine and must be dismissed for lack of subject matter jurisdiction.

To the extent plaintiff's claims are not barred by the *Rooker-Feldman* doctrine, the Court cannot discern a plausible basis for a claim against the defendants. If plaintiff is claiming that the defendants violated his federal constitutional rights by agreeing to an eleven-person jury in his civil case, he is incorrect because the Seventh Amendment, which provides for a trial by jury in suits at common law, "governs proceedings in federal court, but not in state court."[2] *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 418 (1996). Nor is there any other basis for concluding that the City or its attorneys somehow violated plaintiff's constitutional rights by agreeing to an eleven-person jury. Even assuming the state court committed legal error in

---

[2] Although the Pennsylvania Constitution provides for a right to a twelve-person jury in a civil trial, that right may be waived. *See Ottavio v. Fibreboard Corp.*, 617 A.2d 1296, 1299 (Pa. Super. Ct. 1992) ("[A] litigant is entitled to a verdict from a full twelve person jury in a civil proceeding only where the right has not been waived expressly or by implication."). Plaintiff does not contest that he agreed to an eleven-person jury in his civil case. In any event, if he did not waive the issue, he may challenge any legal error in his appeal in the state courts.

proceeding as it did, that error does not translate into a cause of action against the City and its attorneys.

Furthermore, even if plaintiff could articulate a plausible basis for a claim, the Court concludes that this case should be dismissed as malicious. It is apparent from attachments to the complaint that plaintiff initiated an essentially identical lawsuit against the same defendants in state court less than a month before he filed this case.[3] Plaintiff should not be permitted to maintain duplicative lawsuits against the same defendants at the same time.

**IV.      CONCLUSION**

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.

.

---

[3] Documents attached to the complaint also reflect that plaintiff attempted to assert the claims in other civil actions pending in this Court.